NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5023

SARAH R. DACHMAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Sarah R. Dachman, of Silver Spring, Maryland, pro se.

Kent G. Huntington, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, and Kathryn A. Bleecker, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Marian Blank Horn

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5023

SARAH R. DACHMAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  April 30, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and LOURIE, <u>Circuit Judge</u>.

PER CURIAM.

Dr. Sarah R. Dachman seeks review of the dismissal of her complaint by the United States Court of Federal Claims.  <u>Dachman v. United States</u>, No. 05-772C (Ct. Cl. October 4, 2006).  We <u>affirm</u> the dismissal.

DISCUSSION

Dr. Dachman, a physician, was employed since 1988 by the Food and Drug Administration of the Department of Health and Human Services. On September 23, 1997 the FDA placed Dr. Dachman on non-duty and then AWOL status on September 29, 1997 based on various charges. The FDA removed Dr. Dachman from federal service on February 6, 1998. In the "Notification of Personnel Action" the HHS demanded approximately $7,995 from Dr. Dachman based on her non-completion of the Physicians' Comparability Allowance Program. Dr. Bachman appealed unsuccessfully to the district court in Maryland and the Fourth Circuit Court of Appeals. She then appealed to the Court of Federal Claims. Relying in part on United States v. Fausto, 484 U.S. 439, 455 (1988), the Court of Federal Claims held that jurisdiction of Dr. Dachman's claim for back pay and employment benefits based on wrongful removal arises under the Civil Service Reform Act and that her appeal is with the Merit Systems Protection Board, not the Court of Federal Claims. The court also held that the suit was barred on statute of limitations grounds, and was res judicata based on the district court and Fourth Circuit actions.

Dr. Dachman advances two principal arguments on this appeal. First, she argues that this suit is not based on the removal action but on the FDA's wrongful classification of her status as AWOL. Dr. Dachman argues that AWOL "is not a personnel action as defined by CSRA and MSPB" and that her claim arises under the Tucker Act. The Court of Federal Claims correctly held that the underlying action is the removal action and is not within that court's jurisdiction.

2007-5023                                        2

Dr. Dachman also argues that the Physicians' Comparability Allowance Program is a contract-based jurisdictional basis for suit in the Court of Federal Claims, referring to the repayment assessment as a breach of that contract. The Court of Federal Claims correctly held that this claim is not separable from the removal action, which is barred by any or all of the statute of limitations, res judicata, and lack of subject matter jurisdiction. The dismissal is affirmed.